Filed 9/20/24  P. v. Rocha CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B327631 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA056510) |
| v. | |
| MELINDA ROSE ROCHA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mike Camacho, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Nicholas Webster and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Melinda Rose Rocha appeals from the denial of her petition for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95).

We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In March 2002, defendant drove a known gang member (Jorge Rivera), who was the brother of her roommate and a member of the same gang as her boyfriend (The Townsmen), to a residential neighborhood in rival gang territory. She slowed down in front of a home where several rival gang members were standing, and Rivera fired multiple shots, one of which struck a four-year-old child playing outside with his younger brother. Defendant then sped off and dropped Rivera back at a house controlled by The Townsmen gang. Defendant, who was on probation at the time for drug offenses, had her car painted a different color after the shooting.

Defendant was charged with four counts of premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 664; counts 1-4), shooting at an inhabited dwelling (§ 246; count 5) and shooting at an unoccupied vehicle (§ 247, subd. (b); count 6). Principal firearm use allegations were alleged as to counts 1 through 4 (§ 12022.53) and a gang allegation was alleged as to all counts (§ 186.22).

The jury found defendant guilty of first degree premeditated attempted murder (count 3), attempted murder (count 1) and shooting at an inhabited dwelling (count 5). The allegations that a principal used and discharged a firearm in the commission of the offenses were found true as to counts 1 and 3. In addition, the allegation that a principal used a firearm causing great bodily injury was found true as to count 1 (the four-year-old victim). The gang allegation was found true as to all three counts. The jury acquitted defendant on counts 4 and 6. Count 2 was dismissed by the court before the start of the jury's deliberations.

2

The court sentenced defendant to a life term for first degree attempted murder on count 3, plus a consecutive 20-year term for the firearm use allegation.  The court imposed a concurrent term of seven years to life plus 25 years on count 1.  The court imposed and stayed a middle term sentence on count 5.

In defendant's direct appeal, this court modified defendant's custody credits and affirmed her conviction in all other respects (*People v. Rocha* (Oct. 29, 2003, B162152) [nonpub. opn.]).

After defendant's conviction became final, the Legislature passed two pieces of legislation amending the law regarding liability for murder and attempted murder:  Senate Bill 1437 (2017–2018 Reg. Sess.) which became effective January 1, 2019 (Stats. 2018, ch. 1015, § 4) and Senate Bill 775 (2021–2022 Reg. Sess.) which became effective January 1, 2022 (Stats. 2021, ch. 551, § 2).

As relevant here, the new legislation amended Penal Code section 188, eliminating the natural and probable consequences doctrine as it relates to murder.  (Stats. 2018, ch. 1015, § 2.)  It also enacted section 1172.6 which provides a procedural mechanism for defendants convicted under the prior law to seek retroactive sentencing relief.  (Stats. 2018, ch. 1015, § 4.)  Senate Bill 775 extended the sentencing relief available to those convicted of attempted murder under the natural and probable consequences doctrine.  (Stats. 2021, ch. 551, § 2.)

On January 18, 2022, defendant filed in propria persona a form petition for resentencing pursuant to Penal Code section 1172.6.  Defendant checked the boxes indicating she had been convicted of attempted murder under a natural and probable consequences theory and could no longer be convicted under current law.  She requested the appointment of counsel.  The court appointed defendant counsel, and the People filed an opposition.

On January 26, 2023, the trial court denied defendant's petition finding, as a matter of law, she was not entitled to sentencing relief. The court said the jury instructions demonstrated that defendant was convicted on a direct aiding and abetting theory and the jury was not instructed with the natural and probable consequences doctrine.

This appeal followed. We grant the People's request to take judicial notice of the reporter's transcripts that were included in the appellate record in defendant's direct appeal (*People v. Rocha, supra,* B162152).

## DISCUSSION

We independently review the denial of a Penal Code section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) We agree with the trial court that defendant is ineligible for relief as a matter of law.

Sentencing relief under Penal Code section 1172.6 for those convicted of attempted murder is limited to those individuals convicted under the natural and probable consequences doctrine. (*Id.,* subd. (a) [a "person convicted of . . . attempted murder under the natural and probable consequences doctrine, . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced"].)

The record of conviction here unequivocally establishes that defendant was prosecuted and convicted of attempted murder and attempted premeditated murder as a direct aider and abettor who acted with the intent to kill, and not under the natural and probable consequences doctrine. Defendant concedes the jury was *not* instructed with the natural and probable consequence doctrine.

Defendant argues however that the prosecutor's argument and discussion of the jury instructions could have misled the jury

4

into finding her guilty on a theory akin to a natural and probable consequences theory. She argues, citing to *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*), that because of the prosecutor's misleading argument, the record does not conclusively demonstrate ineligibility as a matter of law and remand for an evidentiary hearing is therefore appropriate. We do not agree.

Unlike here, the jury in *Curiel* was instructed with the natural and probable consequences doctrine. (*Curiel*, *supra*, 15 Cal.5th at p. 468.) *Curiel* explained that "[b]ecause the jury was instructed on the natural and probable consequences doctrine, the jury was required to find only that Curiel knew that Hernandez intended to commit one of the underlying target offenses and that Curiel intended to aid him in *that* offense, not murder. Nor was the jury required to find that the underlying target offenses, themselves, were dangerous to human life. While the jury separately found Curiel intended to kill, such an intent standing alone is insufficient to establish the requisite mens rea for aiding and abetting murder." (*Ibid*.)

*Curiel* also noted the narrowness of its holding. "We hold only that *under the jury instructions here*, the findings the jury must have made are insufficient to conclusively establish that Curiel is liable for murder under current law." (*Curiel*, *supra*, 15 Cal.5th at p. 471, italics added.)

Unlike the jury in *Curiel*, defendant's jury was instructed that in order for a person to be guilty of attempted murder, the person must act with the "specific intent to kill unlawfully" another human being. (CALJIC No. 8.66.) CALJIC No. 3.01 told the jury that a person aids and abets a direct perpetrator of attempted murder if the person acts "[w]ith knowledge of the unlawful purpose of the perpetrator" and "[w]ith the intent or purpose" of aiding the direct perpetrator's criminal act. Collectively, the instructions

5

therefore accurately informed the jury that defendant could be liable for aiding and abetting attempted murder only if she acted with knowledge that the shooter (Rivera) specifically intended to kill his intended victims and she acted with the intent to aid him in committing those crimes.

Moreover, nothing in the prosecutor's arguments would have misled a reasonable jury. The prosecutor did not mischaracterize any of the instructions and admonished the jurors to follow the court's instructions on the law in the event the prosecutor or defense counsel inadvertently paraphrased the instructions. The court's instructions to the jury, as explained above, accurately stated the law regarding direct aiding and abetting liability for attempted murder. The prosecutor also told the jury that if they believed defendant had no knowledge of Rivera's intent to kill, "then you will have to acquit her."

Defendant did not establish her eligibility for resentencing, and her petition was therefore properly denied. (*People v. Strong* (2022) 13 Cal.5th 698, 708 ["If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition."].)

## DISPOSITION

The order denying defendant and appellant Melinda Rose Rocha's petition for resentencing is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.          VIRAMONTES, J.

6